# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: :<br>:<br>KIA II, LLC, :<br>:<br>    Plaintiff, :<br>:<br>v. :<br>:<br>CIVIL, LLC, KRATOS RESOURCES LLC, :<br>RESILIENT MINING LLC, RESILIENT :<br>EAGLE, LLC, DON HOLDINGS, LLC, :<br>FALCON RECLAMATION LIMITED :<br>LIABILITY COMPANY, NORTH SPRINGS :<br>HOLDING LLC, SMOKY QUARTZ LLC :<br>BIG MULE AIR L.L.C., POCAHONTAS :<br>PROCESSING LLC, and YELLOW GARAGE, :<br>LLC, :<br>:<br>    Defendants. :<br>: | Civil Action No.   5:25-cv-00727 |

## VERIFIED COMPLAINT

Plaintiff, KIA II, LLC, by and through its undersigned counsel Tucker Arensberg, P.C., files this Verified Complaint.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff KIA II, LLC ("**Plaintiff**") is a Delaware limited liability company with a principal place of business located at 777 West Putnam Avenue, 1st Floor, Greenwich, Connecticut 06830.

2. Defendant, Civil, LLC, is a Georgia limited liability company registered to do business in the State of West Virginia with its principal office address located at 110 Main St., Beckley, West Virginia 25801.

3. Defendant, Kratos Resources LLC is a Kentucky limited liability company

registered in the State of Kentucky with its principal office address located at 1330 South Mayo Trail, Nova Complex - Box 12, Pikeville, Kentucky 41501.

4. Defendant, Resilient Mining LLC, is a Kentucky limited liability company registered in the State of Kentucky with its principal office address located at 1330 South Mayo Trail, Nova Complex - Box 12, Pikeville, Kentucky 41501.

5. Defendant, Resilient Eagle, LLC is a Kentucky limited liability company with its principal office address located at 1330 South Mayo Trail, Nova Complex - Box 12, Pikeville, Kentucky 41501.

6. Defendant, Don Holdings, LLC is a Georgia limited liability company with its principal office address located at 341 Bradford St. NW, Gainesville, Georgia 30501.

7. Defendant, Falcon Reclamation Limited Liability Company is a Kentucky limited liability company with its principal office address located at 1330 South Mayo Trail, Nova Complex - Box 12, Pikeville, Kentucky 41501.

8. Defendant, North Springs Holding LLC is a Kentucky limited liability company with its principal office address located at 1330 South Mayo Trail, Nova Complex - Box 12, Pikeville, Kentucky 41501.

9. Defendant, Smoky Quartz LLC is a Kentucky limited liability company with its principal office address located at 1330 South Mayo Trail, Nova Complex - Box 12, Pikeville, Kentucky 41501.

10. Defendant, Big Mule Air L.L.C., is a West Viginia limited liability company with its principal office address located at 1330 South Mayo Trail, Nova Complex - Box 12, Pikeville, Kentucky 41501.

11. Defendant, Pocahontas Processing LLC is a West Virginia limited liability

company with its principal office address located at 1330 South Mayo Trail, Nova Complex - Box 12, Pikeville, Kentucky 41501.

12. Defendant, Yellow Garage, LLC is a Kentucky limited liability company with its principal office address located at 1330 South Mayo Trail, Nova Complex - Box 12, Pikeville, Kentucky 41501 (collectively, with Civil, LLC, Kratos Resources LLC, Resilient Mining LLC, Resilient Eagle, LLC, Don Holdings, LLC, Falcon Reclamation Limited Liability Company, North Springs Holdings LLC, Smoky Quartz LLC, Big Mule Air L.L.C., and Pocahontas Processing LLC, the "**Defendants**").

13. Historically, Defendants conducted business operations in a variety of counties in West Virginia, including, but not limited to, Fayette County, McDowell County, Mingo County, Raleigh County, and Summers County and in Eastern Kentucky.

14. Plaintiff does not have any members that reside in West Virginia or Georgia.

15. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because there is a complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, as this matter relates to the Chapter 7 Case (as defined hereinafter), will have an effect on the outcome of the Chapter 7 case if Plaintiff liquidate this equipment, and the Liens (as defined hereinafter) were granted to the Plaintiff pursuant to the DIP Order (as defined hereinafter).

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District, and the property at issue is located in this District.

**FACTUAL BACKGROUND**

18.     On August 20, 2025, Defendants filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of West Virginia (the "**Bankruptcy Court**"), jointly administered at Bankr. Case. No. 25-20179 (the "**Chapter 11 Case(s)**").

19.     On September 24, 2025, the Bankruptcy Court entered a *Second Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Status, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* ("**DIP Order**").  A true and correct copy of the DIP Order is attached hereto and incorporated herein as **Exhibit A**.

20.     The DIP Order authorized the Defendants to obtain a multiple draw secured superpriority debtors-in-possession term loan facility in an aggregate principal amount of up to $4,000,000 (the "**DIP Loan**").  *See* DIP Order, at ¶ 1.

21.     The DIP Loan is secured by a first priority secured lien on (i) all unencumbered assets of the Defendants (the "**Unencumbered Collateral**"); and (ii) a junior lien on all of the other assets of the Debtor (collectively, with the first priority secured lien on the Unencumbered collateral, the "**Liens**").  A list of the Unencumbered Collateral is attached as Schedule 6 of Exhibit A to the Financing Order.  A copy of the Unencumbered Collateral list from the DIP Order is attached hereto and incorporated herein as **Exhibit B**.

22.     No party-in-interest, including the Defendants and all secured creditors of the Defendant, filed a notice of appeal of the DIP Order, and the time to do so has long passed.  *See* Fed. R. Bank. P.  8002 and 8004.

23. Following entry of the DIP Order, Plaintiff advanced $3,200,000 of the DIP Loan to the Defendants on September 25, 2025.

24. The DIP Order identified certain Events of Default including, among others, material inaccuracies in the identification of the Unencumbered Collateral and material inaccuracies in its proposed budget. *See* DIP Order, at ¶ 27.

25. By letter dated October 17, 2025 (the "**Notice of Default**"), Plaintiff notified the Defendants that an Event of Default occurred, based upon material inaccuracies in both its Unencumbered Collateral list and Defendants' failure to propose an acceptable final budget. A copy of the Notice of Default is attached hereto and incorporated herein as **Exhibit C**.

26. On October 29, 2025, the Chapter 11 Cases were converted from Chapter 11 to a case under Chapter 7 of the Bankruptcy Code (the "**Chapter 7 Case**"), thereby triggering another Event of Default under the DIP Order. *See* DIP Order, at ¶ 27.

27. As a result of the conversion, and the other pre-conversion Events of Default under the DIP Order, the DIP Lender received relief from the Bankruptcy Code's automatic stay pursuant to paragraphs 18 and 29 of the DIP Order to enforce its rights against all of the property of the Debtors, including the Unencumbered Collateral.

28. Defendants have received notice of its default under the DIP Order and Plaintiff's intent to enforce its rights against the property of the Debtor including the Unencumbered Collateral.

29. As of December 1, 2025, Defendants are in default under the DIP Order, and the total indebtedness owed to Plaintiff by the Defendants on account of the DIP Loan is **$3,299,945.02**, calculated as follows:

| | |
|---|---|
| 9/25/2025 Draw on DIP Loan | $ 3,200,000.00 |
| 14% Interest (9/25/2025 to 10/15/2025) | $       25,775.23 |
| 18% Default Interest (10/16/2025 to 12/1/2025) | $       74,169.79 |
| Estimated Costs of Preservation of Collateral | $     100,000.00 |
| Attorney's Fees (through 12/1/2025) | $     143,257.00 |
| **TOTAL INDEBTEDNESS** | **$ 3,543,202.02 plus additional fees, expenses and interest** |

## COUNT I - W. VA. CODE ANN. § 55-6-1, *ET SEQ.* AND REPLEVIN - FED. R. CIV. P. 64

30.     Paragraphs 1 through 29 above are restated and realleged as if fully set forth herein.

31.     On information and belief, the property of the Defendants including the Unencumbered Collateral is located at the addresses set forth on **Exhibit D** hereto.

32.     Due to Defendants' default under the DIP Order, Plaintiff is entitled to enforce its rights under the DIP Order with respect to the Unencumbered Collateral.

33.     Due to Defendants' default under the DIP Order, Plaintiff is entitled to take immediate possession and control of the Unencumbered Collateral, and Defendants should be enjoined from selling, removing, transferring, or otherwise disposing or wasting the Unencumbered Collateral.

34.     Due to Defendants' default under the DIP Order, Plaintiff is entitled to a judgment declaring that it may, at its discretion, dispose of the Unencumbered Collateral at one or more sales in any manner consistent with applicable law.

35.     Due to Defendants' default under the DIP Order, Plaintiff is entitled to move the Court for possession of the Unencumbered Collateral prior to final judgment and to request an order that if the Unencumbered Collateral is concealed or enclosed in any of Defendants' premises, including but not limited to the premises located at the four different locations listed above, and public demand made by the Sheriff for its delivery is refused, the Sheriff shall cause said premises

to be broken open by force and the Unencumbered Collateral taken therefrom.

**WHEREFORE,** Plaintiff, KIA II, LLC, respectfully requests that this Honorable Court enter an Order:

A. Pursuant to West Virginia Code § 55-6-1 et seq., scheduling a prejudgment hearing in neither less than five, nor more than 10 days upon service of the Summons and Verified Complaint, together with a Notice of Prejudgment Hearing, upon the Defendants;

B. Directing the Defendants to immediately relinquish and surrender possession of all the Unencumbered Collateral identified on the attached Exhibit A;

C. Pursuant to W. Va. Code Ann. § 55-6-3, directing recovery of the Unencumbered Collateral from the Defendants by an officer of the law;

D. Awarding Plaintiff any and all amounts due and owing under the DIP Loan remaining upon recovery and sale of the Unencumbered Collateral after considerations of fees, costs, and expenses incurred;

E. Awarding all costs and expenses incurred by the Plaintiff with regard to the recovery, repossession, storage, repair of the equipment together with all attorney fees and costs related to this action; and

F. Granting all other such relief against the Defendants as it deems proper.

Respectfully submitted,

Dated: December 9, 2025

TUCKER ARENSBERG, P.C.

*/s/ Lauren Hutchins McCartney*
Lauren Hutchins McCartney, Esq.
WV ID: 12304
Tucker Arensberg, P.C.
United Center 500 Virginia Street East, Suite 1050

Charleston, WV 25301
lmccartney@tuckerlaw.com
Office: 412-594-5522
Michael Leahey, Esquire
W.V. ID #9934
mleahey@tuckerlaw.com
Michael A. Shiner, Esquire
*(pro hac vice pending)*
Pa. ID #78088
mshiner@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-566-1212
Fax: 412-594-5619